[No. 16096.    Department Two.    December 28, 1920.]

PEARL E. BREWSTER, *Appellant,* v. JAMES R. BREWSTER, *Respondent.*[1]

DIVORCE (80)—DIVISION OF PROPERTY—SHARES OF STOCK. In dividing community property upon granting a divorce, shares of stock in companies deriving a large part of their value from the defendant's control and skillful management of the business should not be divided in kind, but the wife should be awarded a sum equal to half their reasonable value; but the same is not true as to a block of minority stock in another company not under his control, which may be divided in kind without detriment to the business.

SAME. Error will not be found in finding the value of household goods upon conflicting evidence which was not very satisfactory, where they were awarded to the wife who had them in charge.

SAME (63)—ALLOWANCE OF SUIT MONEY. Suit money allowed a wife upon her taking an appeal from a decree dividing the property, the same to be credited upon the first payment of alimony, will not, in view of a modification of the decree in her favor, be credited upon the alimony allowed.

Appeal from a decree of the superior court for King county, Dykeman, J., entered May 11, 1920, upon findings in favor of the plaintiff, in an action for divorce and for a division of the property, tried to the court. Modified.

*Earl G. Rice, Donworth, Todd & Higgins,* and *Lloyd R. Savage,* for appellant.

*Tucker & Hyland* and *Gill, Hoyt & Frye,* for respondent.

[1]Reported in 194 Pac. 542.

MOUNT, J.—This action was brought in the court below by Mrs. Brewster against her husband, for a divorce and for a division of the property belonging to the parties, all of which was alleged to be community property. The case was tried to the court and resulted in a decree of divorce in favor of Mrs. Brewster and a division of the property.

The decree is too lengthy to be set out in this opinion. In substance, the decree gave to each of the parties certain described real estate and certain of the personal property. It awarded to Mr. Brewster all the shares of stock in three certain corporations, and provided that Mr. Brewster should pay to Mrs. Brewster $60,000 in ten equal installments of $6,000 each, and that, until the last installment was paid, he should pay to Mrs. Brewster $300 per month. She has appealed from that part of the decree dividing the property.

It is conceded that all the property owned by the parties was acquired after marriage and is community property. There were no children the issue of said marriage. We are satisfied, from reading the abstract of the record, that the trial court intended to make, as nearly as he could, a just and equitable division of the property, having regard to the respective merits of the parties and the condition in which they will be left by the divorce. We shall not attempt in this opinion to follow counsel in the briefs, because the arguments upon the assignments of error all lead up to the question of the division of certain of the property.

It appears, without dispute, that after marriage the respondent organized the Brewster Cigar Company, with a capital stock of $25,000, divided into 250 shares of $100 each; that he owns 249 of these shares and has continually controlled and managed the business,

which consists of 12 retail cigar stores in the city of
Seattle. The value of these shares, as testified to by
the appellant, was from $125,000 to $150,000. The re-
spondent testified that the book value of these shares
was $58,575.48. The court found that the real value
was $58,000. The evidence also shows that the respond-
end organized a corporation known as the James R.
Brewster Company with a capital stock of $20,000,
divided into 200 shares of $100 each; that he retained
150 of these shares and the balance of the shares were
held by another person; that this company was doing
a retail cigar business in the city of Everett. The ap-
pellant testified that these shares were worth $37,500.
The respondent testified that the book value of these
shares was $23,220.23. The court found a value of
$23,000. The evidence also shows that the respondent
owns 155 shares of capital stock of the Morgan Cigar
Company. This is a Washington corporation manu-
facturing cigars in Tampa, Florida. The respondent
owns 155 shares of stock in this corporation, which is
a minority of the stock. The appellant testified that
these shares were worth $55,000. The respondent tes-
tified that they were worth $53,475. The court found
the value thereof at $53,000. The principal contention
of the appellant is that the trial court should have di-
vided these shares of stock in kind by giving each one-
half thereof. The trial court was of the opinion, as
stated in the record, that where a divorce is granted,
he thought it was better for the parties that they have
nothing in common, but that their property interests,
as near as possible, should be so divided that neither
would be required to have dealings with the other, and
principally for that reason, gave all the shares of stock
to the respondent and gave to the appellant what he
considered was the reasonable value in money of one-

half of these shares of stock. The appellant argues here that, by reason of the large income from these shares of stock, in order to make an equitable distribution thereof, the distribution should have been made in stock rather than in value.

We think it is apparent from the record that the large income which in the past has been received from these shares of stock depended largely, if not entirely, upon the management of the business. The stock of the Brewster Cigar Company and of the James R. Brewster Company appears to be valuable, not because of the goods on hand in the stores which these companies own, but because of the earnings which they have produced in recent years. We are satisfied from the record that the earnings of these companies were caused largely, if not entirely, by the energy and skillful management of Mr. Brewster. If these shares of stock were divided in kind so that Mr. Brewster might not have the control and management of these companies, it is a serious question whether their value could be maintained.

In the case of the Morgan Cigar Company, in which the respondent owns a minority interest, and in which he does not have the management, we are of the opinion that the same reasoning does not prevail for giving to the respondent all of that stock. The management of that company is in other hands than that of the respondent. He is simply a minority stockholder. It is true he purchases his supplies largely from that corporation, but the fact that his wife may have an interest therein could not, we think, operate to the disadvantage of that company or of the business of the respondent. We think the trial court might readily, in justice to the parties in this action, have divided those 155 shares, share and share alike, between the appellant and the respondent.

In regard to the 249 shares of the capital stock of the Brewster Cigar Company, all of which was awarded to the respondent, the value was fixed by the court at $58,000. The respondent conceded that the book value of this stock was $58,575.48. The appellant testified that the value was from $125,000 to $150,000. She also testified that, about a year before the trial, the respondent was offered for the stock of this company $110,000, which he refused to accept. This was not disputed by the respondent. The respondent, however, testified that at that time that company was indebted in the sum of $25,000. The terms of that offer are not shown in the record, but if we assume that the respondent valued the stock at $110,000 or more and that the company was indebted to the bank at that time in the sum of $25,000, this would leave the net market value of that stock at $85,000. Considering the stock of the James R. Brewster Company at $23,220, as testified to by the respondent, would make the shares of stock in these two companies of the value of $108,220. One-half of this would be $54,110.

We are satisfied that an equitable division of the property would be to give Mrs. Brewster one-half of the stock of the Morgan Cigar Company (77½ shares), and half of the value of the Brewster Cigar Company and James R. Brewster Company, which would be $54,110. We think this would be a more equitable distribution than that made by the trial court.

Appellant also argues that the court erred in finding the value of the household goods at $3,000. The appellant testified that the household goods were worth $1,000. The respondent testified that they were worth from $3,000 to $4,000. The court found them worth $3,000, and gave the household goods to the appellant and charged her with $3,000 on that account. The tes-

timony of these witnesses is not entirely satisfactory. Neither of them knew the value of the property, apparently, and no other witnesses were called to testify to its value. We are of the opinion that the trial court was in as good or better position to arrive at its true value than we are. Neither of the parties desired the household goods. Each desired the other to have them. The trial court, under these conditions, gave them to the wife, who then had charge of them. We think there was no error in that ruling of the court.

When the appeal was taken, an application for suit money was made to the trial court. An order was entered to the effect that respondent should pay to counsel for the appellant $2,000 as suit money, which should be credited upon the first payment of $6,000 under the decree. We are of the opinion that, since we have concluded to modify the decree, this $2,000 should not be credited upon the payment of $6,000 hereafter to be made according to the decree.

It is our opinion that the decree of the superior court should be modified so that the appellant may receive 77½ shares of stock of the Morgan Cigar Company; that she should receive $54,110 in money, to be secured and paid as provided for in the decree; that the $2,000 counsel fees should not be credited to the respondent; and that the payments should be made of the $54,110 in nine annual installments; and in all other respects the decree is affirmed, appellant to recover the costs of this appeal.

HOLCOMB, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.